Lucky, J.
delivered the opinion of the court.
This is an action brought to recover money had and received by the plaintiff in error for the use of Alexander Porter in his life time. The record discloses the following facts:
On the 29th of June, 1831, John Cocke obtained a decree in the supreme court at Jonesborough against Alexander Porter, for the sum of one thousand seven hundred and eight dollars and ninety-two cents, besides costs. Shortly after the decree was obtained an execution was issued by the clerk and placed in the hands of the attorney of Cocke. On the 19th of August, 1831, Cocke transferred a portion of this decree to Alfred M. Carter in these words:
“Mr. Alexander Porter, on sight, pay Alfred M. Carter nine hundred and eighteen dollars and forty cents, which will be in discharge of so much of the judgment I obtained against you in the supreme court at Jonesborough. John Cocke. Test, David W. Carter. August 19,1831.”
Afterwards, that is to say, on the 12th of September, 1831, Porter paid to the clerk of the supreme court a thousand dollars in money. At the same time a note on Robert Massingill was received by the clerk with the assent of the attorney of Cocke, for three hundred and thirty-one dollars and forty-four cents, upon the condition that the money when paid upon it should be applied in satisfaction of the decree. When the note was passed to the clerk by the agent of Porter, James P. Taylor, who was the agent of Carter for the draft which he had received on Porter, was likewise present, and agreed at the time to receive the note on the same condition on which it had been taken by the clerk of the supreme .court. His endorsement on the back of the draft is in the following words:
“Received on this draft, of John A. M’Kinney, five hundred and twenty dollars and seventy-six cents, and also a note on Robert Massingill to Alexander Porter for three hundred and thirty-one dollars, dated 15th of May, 1828, and due three days after date, which note is received, subject to the same condition on which *17 the clerk of the supreme court at Jonesborough received it of Mr. Massingill for Alexander Porter. James P. Taylor.”
In September, 1831, Cocke sent the execution to Nashville against Porter, refusing to allow the credit for the note, and collected the residue of the decree from Porter, after deducting the payment of the one thousand dollars which had been paid to the clerk. The jury found a verdict for the defendants in error; a new trial was moved for and refused, and the cause is brought to this court by an appeal in the nature of a writ of error.
The question now propounded to the consideration of this court is, whether upon, this state of facts the defendants in error, in an action for money had and recovered, are entitled to a recovery from Cocke? The action for money had and received resembles a bill in equity, and whenever the defendant receives money to which the plaintiff is in justice and equity entitled, the law implies a debt and gives this action. 2 Starkie, 64. The action is maintainable whenever the money of one man has without consideration got into the pocket of another. 2 Starkie. These principles are admitted to be unquestionable, but their applicability to the present case is denied; and it has been insisted by the counsel for the plaintiff in error that the payment of the residue of the decree was a voluntary payment on the part of Porter, and that he therefore has no right upon which to support this action. It is difficult to perceive upon what ground it can be said that this was a voluntary payment by Porter. It was coerced from him either by an execution or under the threats of using that process of the law. Where a person has been compelled to pay money under duress or through fear of process, and under such circumstances that the parties are not on an equal footing, the payment cannot be considered voluntary. 2 Starkie on Evidence, 66.
Admitting that the attorney of Cocke had no authority to receive any thing but money in satisfaction of the decree, there can be no question that Carter had authority to receive the note on Massingill under the transfer or order which he held for a portion of the decree, and that his act would be binding both upon Cocke and Porter, having received it with the consent of Porter’s agent. When the clerk of the supreme court refused to receive the note on Massingill without the consent of Cocke’s attorney, who appears to have acted solely, upon the ground that Carter’s agent would receive the note, the reception of the note on Mas- *18 singill was the act of Garter. Carter received the note absolutely, but upon condition that the money due upon it was not to be credited upon the transfer which he held until it was collected. The condition was for the benefit of Carter, designing to retain the security which he had received from Cocke both upon Porter and the maker of the note. After this reception of the note by Carter, the interest of it was vested in him, and it was utterly impossible for Porter or any other person to have divested him of it. Cocke had no authority to do so, and the payment of the note afterwards went in extinguishment of his order and consequently of Cocke’s debt to him. Again: it is said in argument that Porter should have filed his bill in equity and enjoined the collection of the residue of the decree when Cocke refused to recognize the conditional receipt which had been given by the clerk of the supreme court. Supposing him to have done so, we are unable to perceive upon what ground he could have compelled Carter to surrender Massingill’s note, unless he had paid him the full amount of his interest in the decree which he had received from Cocke. It would have been impossible for him to have done so on any other principle.' Any money which was received by Cocke on his decree, under the circumstances of the case, beyond what was actually due upon it, was money had and received to the use of Alexander Porter, and may be recovered in this action. This does not conflict with the principle which has been referred to, to wit:, where one man recovers a judgment against another, and having paid it, he cannot recover the same money back again upon the ground that the judgment is erroneous. Of the correctness of this position there can be no question. Porter not only paid the full amount of this decree, but between three and four hundred dollars over, all of which went to Cocke's use and benefit; and he paid it, too, under such circumstances that to say he should not be permitted to recover it back would be to render the administration of justice a mockery, and no court would resist it unless forced to do so by the most inflexible principles of technical rules. We do not perceive these principles to exist, therefore let the judgment of the circuit court be affirmed.